UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK POIENCOT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14–1860** |
| **QUALITY RENTAL TOOLS, INC** | **SECTION: "H" (2)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss or Stay Proceedings and to Enforce Arbitration Agreement (Doc. 11). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff, Mark Poiencot, filed this action in Louisiana state court seeking damages for alleged violations of the Fair Labor Standards Act[1] and various state laws. Defendant removed the action to this Court and asserted the instant Motion. In the Motion, Defendant contends that Plaintiff's claims are subject to

---

[1] 29 U.S.C. § 201, *et seq*.

1

an arbitration agreement.

## LAW AND ANALYSIS

The question before the Court is whether Plaintiff's claims are subject to arbitration. This inquiry is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[2]

A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[3] The Court must first determine whether the parties agreed to arbitrate the dispute.[4] This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[5] Although both inquires are generally guided by ordinary principles of state contract law,[6] the strong federal policy favoring arbitration does not apply to the initial determination of whether there is a valid agreement to arbitrate.[7] If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders

---

[2] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[3] *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007).

[4] *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

[5] *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008).

[6] *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

[7] *Sherer*, 548 F.3d at 381.

the claims non-arbitratable.[8]

The primary dispute in this matter is whether there is a valid agreement to arbitrate between the parties. Defendant has provided the agreement. On its face, the agreement is between Plaintiff and Chailland, Inc. ("Chailland"). Defendant contends that it outsourced much of its human resources operations to Chailland and that Chailland was Plaintiff's payroll employer. Defendant has provided redacted copies of Plaintiff's W2's confirming that Chailland was Plaintiff's payroll employer. The agreement provides that, if Plaintiff has "any complaint about [his] employment," he must submit to a dispute resolution procedure prior to filing any suit against Chailland or "any of Chailland, Inc.'s clients." The agreement is signed by Plaintiff but is not signed by either Chailland or Defendant. Defendant contends that it was a client of Chailland and thus is a third-party beneficiary of the agreement.

After the agreement was signed, but prior to this suit, Chailland was dissolved. Under Louisiana law, obligations owed to a corporation are ordinarily extinguished upon dissolution of the corporation.[9] Thus, Defendant's first task is to convince this Court that the agreement between Plaintiff and Chailland remains valid and enforceable. Defendant alleges that another company, Canal HR, is the successor corporation to Chailland and that Canal HR has assumed all of Chailand's obligations.

---

[8] *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

[9] *See Leader Buick, GMC Trucks, Inc. v. Weinmann*, 841 So. 2d 34, 38 (La. Ct. App. 4 Cir. 2003) (holding that obligations owed to corporation were extinguished upon dissolution of corporation).

Under Louisiana law, a new corporation is deemed to be a successor corporation where (1) all of the old corporation's assets are transferred to the new corporation and (2) "circumstances attending the creation of the new corporation and its succession to the business and property are of such a character as to warrant a finding that the new corporation was merely a continuation of the old."[10] Defendant has not met this burden in this case. The only evidence submitted by Defendant are two affidavits from one of Canal HR's employees. These affidavits allege that Canal HR purchased some of Chailland's assets, that Canal HR conducts the same type of business as Chailland, and that some of Chailland's clients are now Canal HR's clients. Defendants evidence, however, does not demonstrate that Canal HR is a continuation of Chailland. In fact, Defendant has not presented any evidence regarding the "circumstances attending the creation of the new corporation and its succession to the business and property" of Chailland.[11] In the absence of such evidence, the Court must conclude that the obligations contained in the agreement were extinguished when Chailland was dissolved. Accordingly, Defendant's Motion is denied.

---

[10] *Indus. Equip. Sales & Serv. Co. v. Sec. Plumbing Inc.*, 666 So. 2d 1165, 1166-67 (La. Ct. App. 5 Cir. 1995).

[11] *Id.*

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana, this 10th day of April, 2015.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**