UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK POIENCOT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1860** |
| **QUALITY RENTAL TOOLS ET AL** | **SECTION: "H"(5)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Third-Party Defendant Canal HR, Inc. (Doc. 53) and a Motion to Dismiss filed by Third-Party Defendants Chailland, Inc., and Chailland Enterprises, Inc. ("Chailland") (Doc. 55). For the following reasons, these Motions are **GRANTED**.

### BACKGROUND

In the underlying action, Plaintiff seeks damages for violations of the Fair Labor Standards Act and related state laws. Plaintiff alleges that he was employed as a salesman for Defendant Quality Rental Tools ("QRT"). As part

1

of his employment he was compelled to be "on call" at his home every other week.  Plaintiff alleges that QRT strictly controlled the nature of his "on call" time and that the nature of the restrictions effectively prevented him from leaving his home, except to go into the office, during the weeks that he was "on call."  Plaintiff claims that he is entitled to past-due overtime wages and damages pursuant to the Fair Labor Standards Act and various state laws.

This Motion seeks dismissal of the Third-Party Complaint that Defendant QRT filed against Chailland Inc. and Canal HR, Inc. on June 12, 2015.  According to the Third Party Complaint, Canal HR and Chailland provided employment administration services to QRT as professional employer organizations ("PEOs").  QRT alleges that Canal HR is the successor corporation to Chailland.  Pursuant to the agreements governing these relationships, Chailland, and subsequently Canal HR, provided various human resources services to QRT.

In the Third-Party Complaint, QRT asserts claims for contractual defense and indemnity, negligence, and detrimental reliance.  It alleges that the PEOs misclassified Plaintiff under the FLSA, causing them to incur damages.  Canal HR filed the instant Motion to Dismiss the Third-Party Claims.  Chailland has likewise filed a Motion to Dismiss adopting the arguments advanced by Canal HR in its Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

## LAW AND ANALYSIS

There are two contracts relevant to this Motion. The first is the Employment Administration Agreement between QRT and Chailland (the

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 667.

[5] *Id.*

[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Lormand*, 565 F.3d at 255–57.

3

"Chailland Agreement") and the second is the Employment Administration Agreement between QRT and Canal HR (the "Canal HR Agreement"). Because these contracts are "referred to in plaintiff's complaint and are central to [its] claim," they are properly considered by the Court on a motion to dismiss.[8] Both Canal HR and Chailland argue that the express language of these contracts serves to bar QRT's third-party claims against them. Specifically, they point to language indicating that, other than express obligations undertaken by Chailland and Canal HR, "Client [QRT] shall be solely responsible for compliance with all laws, rules and regulations affecting Client's [QRT's] business and the employment of workers in that business."[9] QRT responds, arguing that this its claims for detrimental reliance and negligence fall outside the scope of the agreement. It also argues that Canal HR and Chailland may not rely on these contracts because they were not in effect for part of the period that is the subject of this suit.

As a preliminary matter, both contracts contain "merger clauses" that preclude the introduction of parol evidence as to the parties' intent. The Canal HR agreement states that "no oral representations by any person shall have any binding effect upon Canal HR unless such are reduced to writing and signed by Canal HR's CEO."[10] Similarly, the Chailland agreement provides that "CBC's obligations hereunder may not be modified unless such

---

[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

[9] Both contracts contain this identical provision. *Compare* Doc. 53-2 at 3 *with* Doc. 53-3 at 2).

[10] Doc. 53-2 at 5.

4

modification is made in writing and signed by CBC's President."[11]  "Louisiana law is consistent in its interpretation of contracts vis a vis an integration or merger clause."[12] "By its very definition, an integration or merger clause negates the legal introduction of parol evidence; it is a 'provision in a contract to the effect that the written terms may not be varied by prior or oral agreements because all such agreements have been merged into the written document.'"[13] "[R]eliance on promises made outside of an unambiguous, fully-integrated agreement [is] unreasonable as a matter of law."[14]  Detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties."[15]

Based on the plain language of the contracts, QRT's claims for negligence cannot survive.  To support its negligence claim, QRT attempts to construct a duty to provide appropriate legal advice.  This duty is not, however, assumed by either PEO in their respective contracts.  The contracts clearly define the allocation of duties between the PEO and QRT.  Both contracts indicated that QRT retains responsibility for ensuring compliance with all laws, rules, and regulations.  FLSA compliance is not a duty expressly assumed by either PEO in their respective agreements, and parol evidence is inadmissible to construct such a duty.  Any reliance on extra-contractual promises made by Canal HR or

---

[11] Doc. 53-3 at 4.
[12] *Condrey v. SunTrust Bank of Georgia*, 429 F.3d 556, 564 (5th Cir. 2005).
[13] *Id.*
[14] *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 404 (5th Cir. 2004).
[15] *Id.* at 403.

5

Chailland is therefore rendered unreasonable as a matter of law due to the fully integrated nature of the contracts.[16]  Because reliance on these purported promises is per se unreasonable, QRT's claims based on detrimental reliance likewise fail.[17]

QRT also argues that the PEOs may not rely on the contracts because they were not in effect for a portion of the time that is subject of this dispute. This argument is disingenuous at best.  QRT seeks to rely on the defense and indemnity provisions of the very same contracts they argue were not in effect. Moreover, the agreements indicate that they supersede any oral representations made prior to their signing.

Dismissal is warranted by the plain language of the agreements.  Despite QRT's arguments to the contrary, the agreements are clear that Canal HR and Chailland only assumed the obligations specifically delineated in the agreement.  These agreements do not contain obligations regarding legal advice.  Indeed, the Agreements specifically allocate to QRT responsibility for compliance with laws, rules and regulations affecting QRT's business and employment of workers.  Parol evidence regarding the expectations of the parties is foreclosed by the merger clauses in the agreements.[18]

---

[16] *Id.*
[17] *See id.*
[18] *See Condrey*, 429 F.3d at 564.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Third-Party Defendant Canal HR, Inc., and the Motion to Dismiss filed by Third-Party Defendants Chailland Enterprises, Inc. and Chailland, Inc. are **GRANTED**. Because the Court finds that amendment would be futile, QRT's Third-Party Complaint against Chailland and Canal HR is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 25th day of January, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**