UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK POIENCOT                               CIVIL ACTION

VERSUS                                      NO: 14-1860

QUALITY RENTAL TOOLS ET AL                  SECTION: "H"(5)

ORDER AND REASONS

Before the Court is a Motion to Alter or Amend Judgment Under Rule 59(e) or, in the Alternative, Motion for Final Judgment Under Rule 54(b) filed by Quality Rental Tools, Inc. (Doc. 65). For the following reasons, the Motion is **DENIED**.

BACKGROUND

In the underlying action, Plaintiff seeks damages for violations of the Fair Labor Standards Act and related state laws. Plaintiff alleges that he was employed as a salesman for Defendant Quality Rental Tools ("QRT"). As part

1

of his employment, he was compelled to be "on call" at his home every other week. Plaintiff alleges that QRT strictly controlled the nature of his "on call" time and that the nature of the restrictions effectively prevented him from leaving his home, except to go into the office, during the weeks that he was "on call." Plaintiff claims that he is entitled to past-due overtime wages and damages pursuant to the Fair Labor Standards Act and various state laws.

QRT filed a Third-Party Complaint against Chailland Inc. and Canal HR, Inc. on June 12, 2015. According to the Third Party Complaint, Canal HR and Chailland provided employment administration services to QRT as professional employer organizations ("PEOs"). QRT alleges that Canal HR is the successor corporation to Chailland. Pursuant to the agreements governing these relationships, Chailland, and subsequently Canal HR, provided various human resources services to QRT. In the Third-Party Complaint, QRT asserted claims for contractual defense and indemnity, negligence, and detrimental reliance. It alleged that the PEOs misclassified Plaintiff under the FLSA, causing them to incur damages. Canal HR and Chailland filed Motions to Dismiss the Third-Party Claims, which the Court granted on January 25, 2016. This Motion followed.

## LAW AND ANALYSIS

### I. Motion to Reconsider

Although styled as a Motion for Reconsideration, such a motion is not specifically recognized under the Federal Rules of Civil Procedure. When a

2

movant seeks review of a judgment, or in this case, an interlocutory order, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order.[1] The motion is considered a Rule 59(e) motion if filed no later than 28 days from the entry of an order, and a Rule 60(b) motion if filed after this time period.[2] Here, Defendant filed its Motion within 28 days of entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment. Plaintiff's Motion seeks to alter or amend the Court's earlier ruling under Rule 59(e).

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[3] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[4] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[5]

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[6]

---

[1] *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[2] *See* Fed. R. Civ. P. 59(e).

[3] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[4] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).

[5] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

[6] *Templet*, 367 F.3d at 479 (citations omitted).

While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[7]

QRT's Motion asks the Court to reconsider its prior order dismissing the negligence and detrimental reliance claims asserted against Canal HR for the time period between October 16, 2012, through July 10, 2014. QRT avers that "the Court dismissed Canal HR without determining whether Quality rental had asserted legitimate negligence and detrimental reliance claims against Canal HR."[8] This is a mischaracterization of the Court's earlier ruling. The Court previously held that QRT was foreclosed by the terms of its Complaint from arguing that the PEO contracts were not in effect because it sought to rely on the defense and indemnity provisions of these same contracts. The Court further found that QRT's negligence and detrimental reliance claims were foreclosed by the plain language of the contracts. QRT has offered no reason for the Court to reassess its earlier ruling. The instant motion merely reasserts arguments that the Court has already considered and rejected. Accordingly, the Motion to Reconsider is denied.

## II. Motion for Entry of Final Judgment

QRT alternatively requests that the Court certify its Order as a final judgment under Rule 54(b). Rule 54(b) permits a court to certify an otherwise interlocutory order for immediate appeal.[9] A court making such a certification

---

[7] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

[8] Doc. 65-1 at 2.

[9] *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 539 (5th Cir. 1999).

4

must make two separate findings. First, the court must determine that the interlocutory order is a "final judgment."[10] "The second determination the district court must make is whether any just reason for delay exists."[11] "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[12] "Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting [sic] such as this, a district court must take into account judicial administrative interests as well as the equities involved."[13] "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[14] Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.[15] "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[16]

As to the first finding, the Court easily concludes that its Order and Reasons constitutes a "final judgment," as it disposes of all of the claims

---

[10] *Id.*
[11] *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000).
[12] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).
[13] *Id.*
[14] *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).
[15] *Id.*
[16] *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

against both Chailland and Canal HR. The Court does not, however, find the second prong satisfied. Designating this order as a final, appealable judgment would not be in the interests of judicial efficiency. If QRT is successful in the underlying action, any appeal of this order would be largely moot. Furthermore, QRT has pointed the Court to no danger of hardship or injustice that would be alleviated by an immediate appeal. Should this matter arrive at a final judgment that is unfavorable to QRT, it may seek appellate review of the entire matter at that time.

## CONCLUSION

For the foregoing reasons, the Motion to Alter or Amend Judgment Under Rule 59(e) or, in the Alternative, Motion for Final Judgment Under Rule 54(b) filed by Quality Rental Tools is **DENIED**.

New Orleans, Louisiana this _6_th day of May, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**